Platzer, Swergold, Levine,
Goldberg, Katz & Jaslow, LLP
*Attorneys for JM Holding Group, LLC*
*and Proposed Attorneys for J. Mendel Inc.*
475 Park Avenue South, 18th Floor
New York, New York 10016
(212) 593-3000
Clifford A. Katz, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| J. MENDEL INC., | Case No. 18-43634 (NHL) |
| Debtor. | |

## AFFIDAVIT OF JOHN GEORGIADES PURSUANT TO
## LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

John Georgiades, being duly sworn, deposes and says:

1.      I am the President of J. Mendel Inc. (the "**Debtor**"), a Delaware corporation.  I am

familiar with the day-to-day operations, business, and financial affairs of the Debtor.

2.      I submit this affidavit pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the

Eastern District of New York (the "**Local Bankruptcy Rules**") in support of the Debtor's petition for

relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") filed on June

22, 2018 (the "**Petition Date**") and to assist the Court and other interested parties in understanding the

circumstances that required the commencement of the Debtor's chapter 11 case.  The Debtor is not a

small business debtor with the meaning of Bankruptcy Code § 101(51D).

3.      Except as otherwise indicated, all facts set forth in this affidavit are based upon my

personal knowledge, my review of relevant documents, or my opinion based upon experience,

knowledge, and information concerning the Debtor. While I have made every reasonable effort to ensure that the information contained herein is accurate and complete based upon information that was available at the time of preparation, the subsequent receipt of information may result in material changes to financial data and other information contained herein. If called upon to testify, I would testify competently to the facts set forth in this affidavit. By resolution of the Board of Directors, I am authorized to submit this affidavit.

4.      The Debtor was compelled to file this chapter 11 case due to the filing of a judgment (the "**Judgment**") in favor of creditor, The Arsenal Company L.L.C. ("**Arsenal**"), and against the Debtor, with the Supreme Court of the State of New York, County of New York, Index No. 155741/18 (the "**State Court**"), in the sum of $1,100,225.00.

### Nature of the Debtor's Business and Statement of Circumstances
### Leading to the Commencement of its Chapter 11 Case

5.      On the Petition Date, the Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property and affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code,

6.      The Debtor is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 36-20 34th Street, Long Island City, New York 11106. The Debtor designs and manufactures apparel for women, and offers dresses, anniversary gowns, ready-to-wear apparel, knitwear, cuffs, hunter boots, and scarves, as well as provides handbags that are made from fur, luxury leathers, and alligators. The Debtor serves customers worldwide.

## The Debtor's Prepetition Finances

### A.  The Debtor's Pre-Petition Agreements with Rosenthal

7.   On August 31, 2011, the Debtor and Rosenthal entered into a factoring agreement (the "**Rosenthal Factoring Agreement**") and other documents executed or delivered in connection therewith (the "**Rosenthal Credit Documents**"), pursuant to which Rosenthal purchased the Debtor's accounts and agreed to provide at its sole option certain advances and other extensions of credit to the Debtor (the "**Rosenthal Loan**"). As of June 22, 2018, a balance of approximately $4,617,297.28 (the "**Rosenthal Indebtedness**") was due on account of the Rosenthal Loan.

8.   To secure the Debtor's obligation under the Rosenthal Factoring Agreement, the Debtor and Rosenthal entered into a certain Inventory Security Agreement dated August 31, 2011 and a certain Intellectual Property Security Agreement dated August 31, 2011 (the "**Rosenthal Security Agreements**"), pursuant to which, and the other Rosenthal Credit Documents, the Debtor granted to Rosenthal a first priority security interest in and lien upon substantially all of the Debtor's business assets (collectively, the "**Rosenthal Pre-Petition Collateral**").  Rosenthal asserts that it has perfected its first priority blanket lien on all assets of the Debtor.

### B.  The Debtor's pre-petition agreements with Gores

9.   The Debtor executed a certain Second Amended and Restated Term Loan Agreement dated September 11, 2015 (the "**Gores Loan Agreement**"), and an Amended and Restated Secured Promissory Note dated September 11, 2015 (the "**Gores Note**") payable to Gores in the original principal amount of $7,000,000.00.  Gores asserts it is owed as of June 22, 2018, a balance of approximately $5,154,000.00 (the "**Gores Indebtedness**") under the Gores Note, which the Debtor disputes.

10. To secure the Debtor's obligation under the Gores Note, the Debtor and Gores entered into a Second Amended and Restated Security Agreement dated as of September 11, 2015 and a Second Amended and Restated Trademark Security and Pledge Agreement dated as of September 11, 2015

(the "**Gores Security Agreements**"), pursuant to which the Debtor granted to Gores a second priority security interest in and lien upon substantially all of the Debtor's business assets (collectively, the "**Gores Pre-Petition Collateral**" and together with the Rosenthal Pre-Petition Collateral, the "**Pre-Petition Collateral**"). An Intercreditor and Subordination Agreement dated as of August 31, 2011 (the "**Subordination Agreement**") was entered into by Rosenthal and Gores resulting in the amount owed on account of the Gores Loan Agreement and Gores Note being subordinated to the amount owed on account of the Rosenthal Factoring Agreement and Rosenthal Credit Documents. In addition, the Subordination Agreement grants Rosenthal, among other things, the absolute power and discretion to deal with the Rosenthal Indebtedness and any security, as well as provide for a broad standstill of Gores' enforcement rights until the Rosenthal Indebtedness has been paid in full. Gores asserts that it has perfected its second priority blanket lien on all assets of the Debtor.

11. As additional security for the repayment of the Gores Indebtedness, JM Holding Group, LLC ("**JM Holding**"), the parent of the Debtor, executed: (a) a General Continuing Guaranty dated as of September 11, 2015, guaranteeing all of the Debtor's obligations under the Gores Note to Gores; and (b) a Stock Pledge Agreement dated as September 11, 2015, pursuant to which JM Holding pledged to Gores as security all of the capital stock of the Debtor.

### Events Leading Up To the Commencement of the Chapter 11 Case

12.     On or about June 19, 2018, the Judgment in favor of Arsenal and against the Debtor was entered with the State Court in the sum of $1,100,225.00. Accordingly, the Debtor filed the instant petition to preserve its assets.

### Local Bankruptcy Rule 1007-4 Disclosures

13.     There was no informal committee of unsecured creditors formed prior to the commencement of this case.

14.     Pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1007-4, set forth on Schedule 1 hereto is a list of the names, addresses, and, where

available, telephone numbers of the creditors holding the 20 largest unsecured claims (excluding insiders and employees) against the Debtor. Such list includes the amount of the claim, the nature of the claim and, if appropriate, an indication of whether such claim is contingent, unliquidated, disputed, or partially secured, subject, however, to the reservations of rights stated on Schedule 1 regarding, among other things, the actual validity of any such claims.

15.     Set forth on Schedule 2 is a list of the names and addresses of the creditors holding the five largest secured claims (excluding insiders and employees) against the Debtor. Such list includes the amount of the claim, an estimate of the value of the collateral securing the claim, the nature of the claim and, if appropriate, an indication of whether such claim is contingent, unliquidated, or disputed, subject, however, to the reservations of rights stated on Schedule 2 regarding, among other things, the actual validity of any such claims.

16.     Set forth on Schedule 3 hereto is the preliminary unaudited balance sheet of the Debtor as of April 30, 2018.

17.     The Debtor has not issued securities that are publicly held.

18.     Set forth on Schedule 4 hereto is a list of the Debtor's property that is not in the Debtor's possession, including property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

19.     Set forth on Schedule 5 hereto is a list of the premises owned, leased, or held under other arrangement, from which the Debtor operates its business.

20.     Set forth on Schedule 6 hereto is a list of the Debtor's assets held outside the United States, including the location and estimated value of such assets.

21.     Set forth on Schedule 7 hereto is a list of the significant litigation commenced against the Debtor.

22.     Set forth on Schedule 8 hereto are the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

23.     The Debtor intends to continue to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Set forth on Schedule 9 hereto is the estimated amount of the payroll to employees of the Debtor (exclusive of officers, directors, and stockholders) for the 30-day period following the commencement of the Debtor's chapter 11 case.

24.     Set forth on Schedule 10 hereto are the amounts to be paid to the Debtor's officers for services for the 30-day period following the commencement of the Debtor's chapter 11 case.

25.     Set forth on Schedule 11 hereto are the estimated cash receipts and disbursements and net cash gain or loss for the 30-day period following the commencement of the Debtor's Chapter 11 case.

### Conclusion

26.     Through the commencement of this chapter 11 case, the Debtor intends stabilize and protect its business.  The Debtor believes this Chapter 11 will allow the Debtor to maintain its business and preserve and enhance the value of its estate, to the benefit of its creditors, and the best outcome under the circumstances for all parties in interest.

J. MENDEL INC.

_/s/ John Georgiades_____
John Georgiades
President

Sworn to before me on this
22nd day of June, 2018

_/s/ Peter Silverman_____
Notary Public, State of New York
No.02SI3670590
Qualified in New York County
Commission Expires Nov. 22, 2019

## SCHEDULE 1

**See Attached**

<table>
<tr><td colspan="3">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name   J. Mendel Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:   EASTERN DISTRICT OF NEW YORK</td><td>☐ Check if this is an</td></tr>
<tr><td>Case number (if known):    18-43634-NHL</td><td></td><td>amended filing</td></tr>
</table>

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Acadaca LLC 636 Broadway, Suite 1000 New York, NY 10012 | | | | | | $30,679.50 |
| Central Fur Storage 141 Lanza Avenue, Bldg 31 Garfield, NJ 07026 | | | | | | $69,109.00 |
| Dizon, Inc. 214 Sullivan Street, #6C New York, NY 10012 | | | Disputed | | | $26,250.00 |
| DNA Model Management 555 West 25th Street, 6th Floor New York, NY 10001 | | | | | | $49,768.83 |
| Dominick G. Riley Detective Bureau 232 Madison Avenue, Suite 611 New York, NY 10016 | | | | | | $22,612.26 |
| ER FUR TRADING 224 West 30th Street, Suite 1101 New York, NY 10001 | | | Disputed | | | $98,897.00 |
| Federal Express PO Box 371461 Pittsburgh, PA 15250-7461 | | | | | | $64,691.73 |
| Federico Albarerello Via Serio 6 20139 Milano, Italy | | | | | | $47,316.76 |
| Friedland Properties 500 Park Avenue 11th Floor New York, NY 10022 | | | | | | $106,266.00 |

| Debtor | J. Mendel Inc. | Case number *(if known)* | 18-43634-NHL |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| GENTILI MOSCONI Via Tevere 7/9 22070 Casnate Con Bernate (CO) Italy | | | | | | $83,954.15 |
| GHIOLDI SRL Milano NR5, 22070 Appiano Gentile, Italy | | | | | | $26,683.83 |
| Karla Otto INC 545 W. 25th Street New York, NY 10001 | | | | | | $190,000.00 |
| Mega Kingdom LI Unit 306 3/F Harbour Centre, Tower HING HOM, HONG KONG | | | Disputed | | | $309,076.55 |
| New York Times 620 Eighth Avenue, 18th Floor New York, NY 10018 | | | | | | $18,000.00 |
| Rappel 18 Rue Marthe Aureau 77400 LAGNY sur Marne, France | | | | | | $57,388.00 |
| REPTILE TANNERY OF LA 1407 Broadway, Suite 3102 New York, NY 10018 | | | | | | $26,725.36 |
| Silverman Shin Byrne PLLC 88 Pine Street, 22nd Floor New York, NY 10005 | | | | | | $122,155.00 |
| Taroni Via Mantero 20 Grandate, CO 22070 Italy | | | | | | $38,306.92 |
| The Arsenal Company LLC c/o Adams & Co. Real Estate LLC 411 Fifth Avenue, 9th Floor New York, NY 10016 | | | | | | $1,100,000.00 |
| Wilhelmina International 300 Park Avenue South New York, NY 10010 | | | | | | $51,907.50 |

## SCHEDULE 2

## LIST OF CREDITORS
## HOLDING 5 LARGEST SECURED CLAIMS

The following is a list of creditors holding the 5 largest secured claims of the Debtor.  The list has been prepared in accordance with Local Bankruptcy Rule 1007-4(a)(vi). The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.

This list has been prepared based upon the books and records of the Debtor and reflects amounts as of June 22, 2018.

| Name of Creditor | Mailing Address | Description of Collateral Securing the Claim | Estimate of the Value of the Collateral Securing the Claim | Amount of Claim | Disputed |
|---|---|---|---|---|---|
| Gores Clothing Holdings, LLC | c/o The Gores Group, LLC 9800 Wilshire Blvd. Beverly Hills, CA 90212 | All Assets | Unilquidated | $5,154,000.00 (disputed) | Yes |
| Rosenthal & Rosenthal | 1370 Broadway New York, NY 10018 | All Assets | Unliquidqated | $4,617,297.28 | No |
| | | | | | |
| | | | | | |
| | | | | | |

## SCHEDULE 3

## BALANCE SHEET

See attached

# J MENDEL INC
## BALANCE SHEET

|  | APRIL 30, 2018 |
|---|---|
| **Assets** | |
| **Current Assets** | |
| Cash and cash equivalents | $ 653,405 |
| Accounts receivable | 4,257,919 |
| Inventories | 8,762,763 |
| Prepaid expenses and other current assets | 283,009 |
| **Total Current Assets** | 13,957,096 |
| **Property and Equipment, Net** | 1,983,920 |
| **Goodwill** | 1,390,406 |
| **Due from Related Parties** | 4,076 |
| **Other Assets** | |
| Security deposits and other | 826,000 |
| **Total Other Assets** | 826,000 |
| **Total Assets** | $ 18,161,498 |

## J MENDEL INC
### BALANCE SHEET

|  | ARIL 30 2018 |
|---|---|
| **Liabilities and Stockholders' Equity/Members' Equity** | |
| | |
| **Current Liabilities** | |
| Accounts payable | $ 3,657,932 |
| Accrued expenses and other current liabilities | 52,581 |
| Sales tax payable | 10,300 |
| Customer deposits | 122,110 |
| | |
| **Total Current Liabilities** | 3,842,923 |
| | |
| **Other Liabilities** | |
| Deferred rent | 352,957 |
| Due to factor | 4,155,860 |
| Long-term debt | 8,604,769 |
| | |
| **Total Other Liabilities** | 13,113,586 |
| | |
| **Total Liabilities** | 16,956,509 |
| | |
| **Stockholders' Equity** | |
| Common stock | 2 |
| Additional paid-in capital | 7,298,431 |
| Retained earnings (deficit) | (6,093,444) |
| | |
| **Total Stockholders' Equity** | 1,204,989 |
| | |
| **Total Liabilities and Stockholders' Equity/ Members' Equity** | $ 18,161,498 |

## SCHEDULE 4

### DEBTOR'S PROPERTY NOT IN THE DEBTOR'S POSSESSION[1]

| Type of Property | Value of Property | Person or Entity In Possession |
|---|---|---|
| Misc Raw Materials | $407,275.00 | Various Entities |
| Finished Goods | $355,932.00 | Various Entities |
| | | |
| Total | $763,207.00 | |

---

[1] This list has been prepared based upon the Debtor's books and records and reflects amounts as of June 22, 2018.

## SCHEDULE 5

## PREMISES OWNED, LEASED, OR HELD UNDER OTHER ARRANGEMENT FROM WHICH THE DEBTOR OPERATES ITS BUSINESSES

### OWNED REAL PROPERTY

| Location of Property | Description of Property |
|---|---|
| N/A | |
| | |
| | |

### LEASED REAL PROPERTY

| Location of Property | Landlord |
|---|---|
| New York Showroom 8th Avenue &38th Street, New York, New York | 535 Eighth Avenue LLC c/o Olmstead Properties 575 Eighth Avenue – Suite 2400 New York, NY  10018 |
| 787 Madison Avenue, New York, New York | Friedland Properties 22 East 65th Street, 5th Floor New York, New York 10065 |
| | |

## SCHEDULE 6

## DEBTOR'S PROPERTY HELD OUTSIDE
## THE TERRITORIAL LIMITS OF THE UNITED STATES[2]

| Type of Property | Value of Property | Person or Entity In Possession |
|---|---|---|
| Subsidiary/100% ownership interest in J. Mendel UK Limited | Unknown | Debtor |
|  |  |  |
|  |  |  |
| Total | Unknown |  |

---

[2] This list has been prepared based upon the Debtor's books and records and reflects amounts as of June 22, 2018.

## SCHEDULE 7

## LITIGATION COMMENCED AGAINST THE DEBTOR
## PRIOR TO THE PETITION DATE

| Title of Action (Including Index/Docket No.) | Court | Nature of Action |
|---|---|---|
| DNA Model Management LLC v. J. Mendel Inc. Index No. 160788/17 | Sup. Ct., NY County | Civil |
| ER Fur Trading Corp. v. J. Mendel Inc. Index No. 650236/18 | Sup. Ct., NY County | Civil |
| Karla Otto Inc. v. J. Mendel Inc. et al. Index No. 650290/18 | Sup. Ct., NY County | Civil |
| Dizon Inc. v. J. Mendel Inc. Index No. 655534/16 | Sup. Ct., NY County | Civil |
| Acadaca LLC v. J. Mendel Inc., et al. Index No. 655875/17 | Sup. Ct., NY County | Civil |
| El Toro Interactive LLC v. J. Mendel Inc. et al. Index No. 655876/17 | Sup. Ct., NY County | Civil |
| NY Times v. J. Mendel Inc. Index No. 65216/17 | Sup. Ct., NY County | Civil |
| WB Mason Company Inc. v. J. Mendel Inc. | Sup. Ct., NY County | Civil |
| Five Star Carting Inc. v. J. Mendel Inc. Index No. 002844/18 | Sup. Ct., NY County | Civil |
| Viva Model Management v. J. Mendel Inc. Index No. 007088/18 | Sup. Ct., NY County | Civil |
| The Arsenal Company L.L.C. v. J. Mendel Incn., et al. Index No. 155741/18 | Sup. Ct., NY County | Civil |
| Fedex Corporate Services, Inc. v. J. Mendel Inc. et al. Index No. 155642/2018 | Sup. Ct., NY County | Civil |

## SCHEDULE 8

## DEBTOR'S MANAGEMENT

| Name | Position |
|---|---|
| John Georgiades | President |
| James Charles | CFO |
|  |  |

## SCHEDULE 9

**ESTIMATED AMOUNT OF WEEKLY PAYROLL TO EMPLOYEES
EXCLUSIVE OF OFFICERS AND DIRECTORS
FOR 30-DAY PERIOD FOLLOWING THE PETITION DATE**

| Week | Estimated Payroll |
|------|-------------------|
| Week 1 | $14,000.00 |
| Week 2 | $124,750.00 |
| Week 3 | |
| Week 4 | $124,750.00 |
| Week 5 | |

## SCHEDULE 10

**ESTIMATED AMOUNT OF WEEKLY PAYROLL TO EMPLOYEES
TO OFFICERS AND DIRECTORS AND MEMBERS
FOR 30-DAY PERIOD FOLLOWING THE PETITION DATE**

| Week | Estimated Payroll |
|------|-------------------|
| Week 1 | N/A |
| Week 2 | N/A |
| Week 3 | N/A |
| Week 4 | N/A |
| Week 5 | N/A |

## SCHEDULE 11

### DEBTOR'S ESTIMATED CASH DISBURSEMENTS AND RECEIPTS
### FOR THE 30-DAY PERIOD FOLLOWING THE PETITION DATE

J Mandel Inc.
13 Week Cash Flow
For the 13 Week Period Beginning With Week Ending Friday...